MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556

DEBORAH C. ENGLAND (SBN 122424)
(dcengland@earthlink.net)
LAW OFFICES OF DEBORAH C. ENGLAND
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-9230

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW BELL, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

DELTA AIR LINES, INC.; and DOES 1 to 10, inclusive,

Defendants.

Case No. C 13 1199

**CLASS ACTION COMPLAINT**

(1) Failure to Pay Overtime Wages
(2) Failure to Pay Wages for Hours Worked
(3) Failure to Provide Required Meal Periods
(4) Failure to Provide Required Rest Periods
(5) Failure to Provide Accurate Wage Statements
(6) Waiting Time Penalties
(7) Violations of the Unfair Competition Law

**DEMAND FOR JURY TRIAL**

## NATURE OF CLAIM

1. Plaintiff Andrew Bell (hereinafter referred to as "Mr. Bell or "Plaintiff") brings this action on behalf of himself and a proposed class of similarly situated individuals against Defendant Delta Air Lines, Inc. (hereinafter referred to as "Delta" or "Defendant"), for its unlawful employment scheme that denies Plaintiff and others like him the wages and benefits to which they are lawfully entitled.

2. Plaintiff and proposed Class members are non-fleet Ready Reserve employees who work or have worked for Defendant in California.

3. Through this action, Plaintiff charges Defendant with violations of multiple provisions of the California Labor Code and the California Industrial Welfare Commission Wage Order 9-2001 (hereinafter "Wage Order"). Plaintiff seeks, on behalf of himself and the proposed Class, declaratory and injunctive relief, restitution, compensatory damages, statutory damages, penalties, attorney's fees and costs, and prejudgment interest.

## PARTIES

4. Plaintiff Andrew Bell is an individual resident of San Francisco, California who has performed work as a Ready Reserve Cargo Customer Agent for Defendant at the San Francisco cargo operation site.

5. Defendant Delta Air Lines Inc. is a corporation registered in and doing business throughout the state of California. It is headquartered in Atlanta, Georgia with more than 80,000 employees worldwide and operates a mainline fleet of more than 700 aircraft. Defendant operates at airports throughout California.

6. Does 1 through 10, inclusive, are persons or entities whose true names and identities are now unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities once ascertained. Plaintiff is informed and believes that each of the fictitiously-named Doe defendants, including any such defendants that may be the agents, representatives, or parents or subsidiary corporations of the named Defendant, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein and that the harm suffered by Plaintiff and the proposed Class were

proximately caused by them in addition to Defendant.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff as alleged herein.

8. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

10. This District is the proper venue for this action as a substantial part of the events giving rise to this action has occurred in this District.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all other persons similarly situated. The proposed class (hereinafter the "Class") that Plaintiff seeks to represent is defined as follows:

> All non-fleet employees in California who have been treated as "Ready Reserve" employees of Delta Air Lines, Inc. at any time during the period from four years prior to the filing of the original complaint in this action through the date of final judgment.

12. This action may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) (3).

13. The Class is comprised of hundreds of persons and is so numerous that joinder of all members is impracticable. The exact size of the Class and the identity of the members of the Class are ascertainable from the business records maintained by Defendant. The Class may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

14. Plaintiff's claims are typical of the claims of members of the Class as all Class members are similarly affected by Defendant's wrongful conduct in violation of state laws

2

governing labor standards that is complained of herein. The claims arise from the same course of conduct by Defendant, and the relief sought is common.

15. Plaintiff will fairly and adequately protect the interests of the members of the Class because: (a) his interests do not conflict with the interests of the individual members of the Class they seek to represent; (b) he has retained counsel competent and experienced in wage and hour and class action litigation; and (c) he intends to prosecute this action vigorously.

16. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) whether Defendant has properly paid all Class members for the hours that were worked in excess of 8 hours a day or 40 hours a week as required by California law;

    (b) whether Defendant has a policy or practice of failing to pay for hours worked by deducting time from compensation;

    (c) whether Defendant has a policy or practice of failing to provide accurate wage statements;

    (d) whether Defendant has a policy or practice of failing to provide meal breaks;

    (e) whether Defendant has a policy or practice of failing to provide rest periods; and

    (f) whether Defendant's semimonthly payroll practices are unlawful in violation of California law.

17. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all Class members is impracticable. Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has suffered injury and is entitled to recover by reason of Defendant's unlawful conduct. Common proof as to Defendant's conduct, including Defendant's own documents and pay records, will be available to demonstrate the uniformity of Defendant's conduct.

3

1  18.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The prosecution of separate actions against Defendant by individual Class members would create a risk of inconsistent judgments. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

19.  Plaintiff Andrew S. Bell joined Delta in March of 2012, as a Ready Reserve Cargo Customer Agent. Mr. Bell ended his employment with Delta at the beginning of August 2012.

20.  Mr. Bell was hired to work a 5-day work week with working shifts of 5.5 hours a day. Mr. Bell worked 25-35 hours per week, with a salary $15.13 per hour. At times, Mr. Bell also worked double shifts during his employment with Delta.

21.  As with other Class members, Mr. Bell joined Delta as a part-time employee. Mr. Bell received semi-monthly paychecks from Delta. For hours worked between the 1st and the 15th of each month, Delta paid Mr. Bell and other Class members on the last day of the month. For hours worked between the 16th and the last day of each month, Delta paid Mr. Bell and other Class members on the 15th of each month. Delta's policy and practice of paying employees approximately two weeks after their work is completed is willful and deliberate.

22.  At all relevant times, Delta has had a consistent policy and/or practice of not allowing individuals who worked less than 6 hours to take a meal break. During the course of their employment, Mr. Bell and Class members were not allowed a meal break if they worked less than 6 hours during a workday. Delta's policy and practice of forcing employees to work without a meal break was and is willful and deliberate.

23.  Delta deducted 30 minutes of pay from Mr. Bell's 5.5 hour shifts, even though Mr. Bell and other Class members were directed they were not entitled to take a meal break. On several occasions, Mr. Bell worked 5.5 hour shifts with no lunch break and was only paid for 5 hours per workday. Despite not taking any meal break, deductions were automatically made from Mr. Bell's

4

5.5 hour shifts. On information and belief, Delta similarly deducted 30 minutes from other Class members' shifts, regardless of whether a meal break was taken.

24. At all relevant times, Delta has had a consistent policy and/or practice of not allowing individuals who worked more than four hours to take rest breaks. During the course of their employment, Mr. Bell and Class members were not allowed to take rest breaks even though they worked more than four hours. Delta's policy and practice of forcing employees to work without a rest break was and is willful and deliberate.

25. At all relevant times, Delta has had a consistent policy and/or practice of requiring Mr. Bell and Class members to perform work without compensation (hereafter referred to as off-the-clock work). Defendant was and is aware that Mr. Bell and the Class members worked off-the-clock. Delta's policy and practice of forcing employees to work "off-the-clock" was and is willful and deliberate.

26. At all relevant times, Delta has had a consistent policy and/or practice of refusing to pay overtime whenever Mr. Bell or other Class members work in excess of 8 hours, at least when the overtime hours are accrued covering for another employee's shift. As with other Class members, whenever Mr. Bell worked more than 8 hours, he was paid straight pay for all hours in excess of 8 hours and not overtime pay.

27. At all relevant times, Delta has had a consistent policy and/or practice of providing wage statements that do not accurately and completely reflect the actual hours worked by Plaintiff and Class members, and the pay rates that corresponds to those hours. Delta's policy and practice of not providing accurate wage statements is willful and intentional.

28. Delta's underpayment of regular and overtime premium wages, failure to provide meal breaks, failure to provide rest breaks and failure to provide prompt payment of wages to Mr. Bell and members of the Class results from certain unlawful compensation practices that Delta centrally devised, implemented, communicated, and applied to Mr. Bell and all other similarly situated employees.

29. Through common practices, policies, and/or schemes, Delta has systematically underpaid Mr. Bell and members of the Class by, among other things: failing to pay all wages when

due; miscalculating and/or failing to keep track of all hours worked by deducting from timecards the time worked by Mr. Bell and members of the Class; failing to compensate Mr. Bell and Class members for meal and rest periods not taken.

30. Delta makes numerous and excessive deductions from Mr. Bell's and Class members' pay, which constitutes failure to pay hours worked. For example, Delta deducts amounts for meal breaks that are not taken by employees. Delta also impermissibly deducts from Mr. Bell's and Class members' wages the meal periods employees do not take during a workday. Delta also alters employees' time to deduct pre- and post- scheduled shift time worked. In these ways, Delta has not properly compensated Mr. Bell and Class members.

31. Delta's failure to record and pay Class members for all hours worked also negatively impacts those Class members who convert to part-time or full-time employees. Delta sets the pay rate and pay anniversary date for those employees in part based upon all hours worked as Ready Reserve employees. By recording fewer hours than Class members have actually worked, Class members who convert to part-time or full-time employees are not receiving full credit for those hours.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Wages [Cal. Labor Code §§ 510, 1194; IWC Wage Order No. 9-2001, § 3] by Plaintiff Individually and on Behalf of the Class)**

32. Mr. Bell and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

33. Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3, Delta is required to compensate Mr. Bell and members of the Class for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day, with double time for all hours worked in excess of twelve (12) hours in any work day and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any work week.

34. Mr. Bell and members of the Class are non-exempt employees entitled to the

protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001. During the class period, Delta failed to compensate Mr. Bell and members of the Class for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, permitting or suffering Mr. Bell and members of the Class to work off the clock; and requiring, permitting or suffering Mr. Bell and members of the Class to work through meal and rest breaks.

35. In violation of California law, Delta has knowingly and willfully refused to perform its obligations to compensate Mr. Bell and members of the Class for all wages earned and all hours worked. As a proximate result, Mr. Bell and members of the Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Delta to fully perform its obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

36. Delta's conduct described herein violates California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3. Therefore, pursuant to applicable provisions under the California Labor Code and IWC Wage Orders, Mr. Bell and members of the Class are entitled to recover the unpaid balance of wages owed to them by Delta, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## SECOND CAUSE OF ACTION

**Failure to Pay Wages for Hours Worked [Cal. Labor Code § 204, et seq.] by Plaintiff individually and on behalf of the Class)**

37. Mr. Bell and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

38. Cal. Labor Code § 204 requires an employer, such as Delta, to pay employees for all work performed on the job.

39. During the class period, Delta had, and continues to have a policy and practice of failing to compensate its employees for all hours worked. Delta alters time worked in order to

7

1   record scheduled shift hours and only pay for such hours, even when employees clock in and begin
2   working before their scheduled shift. Delta's policy and practice systematically reduces the daily
3   time recorded by its hourly employees. Mr. Bell and other Class members performed mandatory
4   work duties that were not recorded and unpaid. This work constitutes time worked "off-the-clock"
5   for which Mr. Bell and Class members received no compensation.

6   40. Delta's policy of altering time records is unfair as applied because Delta alters the
7   time in a manner that does not average out so that employees are fully compensated for all of the
8   time they actually work.

9   41. By requiring Mr. Bell and Class members to perform work "off-the-clock," as alleged
10  above, Delta willfully has violated and continues to violate the provisions of Cal. Labor Code § 204.

11  42. As a result of the unlawful acts of Delta, Mr. Bell and Class members have been
12  deprived of compensation in amounts to be determined at trial and are entitled to recovery of such
13  amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

### THIRD CAUSE OF ACTION

**(Failure to Provide Required Meal Periods [Cal. Labor Code §§ 226.7, 510, 512, 1194; IWC Wage Order No. 9-2001, § 11] by Plaintiff Individually and on Behalf of the Class)**

43. Mr. Bell and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

44. As part of Delta's illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Delta required, permitted or otherwise suffered Mr. Bell and members of the Class to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to Mr. Bell and Class members pursuant to California Labor Code §§ 226.7, 512 and IWC Order No. 9-2001, § 11.

45. Delta further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, §11 by willfully failing to compensate Mr. Bell and members of the Class for all hours worked during their meal periods.

46. Delta further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to pay Mr. Bell and members of the Class who were not provided with a meal

8

period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each work day that a meal period was not provided.

47. Delta further violated California Labor Code §§ 226.7, 510, 1194 and IWC Wage Order No. 9-2001 by failing to compensate Mr. Bell and members of the Class for all hours worked during their meal periods.

48. As a proximate result of the aforementioned violations, Mr. Bell and members of the Class have been damaged in an amount according to proof at trial, and they are entitled to recover all wages earned and/or damages due, interest, and penalties.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Required Rest Periods [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12] by Plaintiff individually and on behalf of the Class)**

49. Mr. Bell and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

50. At all times relevant herein, as part of Delta's illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Delta failed to provide rest periods to Mr. Bell and members of the Class as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

51. Delta further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay Mr. Bell and members of the Class who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each work day that a rest period was not provided.

52. As a proximate result of the aforementioned violations, Mr. Bell and members of the Class have been damaged in an amount according to proof at trial, and they are entitled to recover all wages earned and/or damages due, interest, and penalties.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements [Cal. Lab. Code §§ 226, 1174] by Plaintiff individually and on behalf of the Class)**

53. Mr. Bell and members of the Class incorporate herein by specific reference, as though

9

fully set forth, the allegations above.

54. Pursuant to California Labor Code §§ 226 and 1174, all employers are required to maintain accurate records of each employee's hours of work and meal breaks each workday for a period of at least three (3) years, and provide to each employee with accurate, periodic wage payments in writing setting forth, among other things: (a) the dates of labor for which payment of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from those wages; and (e) the name and address of the employer.

55. Defendant has knowingly failed to comply with these provisions by, among other things: (a) failing to provide accurate itemized wage statements in writing showing all applicable rates of pay during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and Class members.

56. California Labor Code § 226(e) provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter up to $4,000 per employee. During the course of Plaintiff's employment, Defendant consistently failed to provide Plaintiff and Class members with adequate pay statements as required by California Labor Code § 226.

57. Defendant failed to provide such adequate statements willingly and with full knowledge of their obligations under § 226.

58. Defendant's failure to provide such adequate statements has caused injury to the Plaintiff and the Class.

59. Plaintiff and Class members may therefore recover the greater of actual damages or penalties as a result of Defendant's failure to provide proper records, in an amount to be determined at trial. Plaintiff also seeks costs and attorneys' fees under § 226.

## SIXTH CAUSE OF ACTION

(Failure to Pay Waiting Time Penalties [Cal. Lab. Code §§ 201, 202 & 203] by Plaintiff Individually and on Behalf of the Class)

1. Mr. Bell and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

2. California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

3. California Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

4. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

5. Defendant has willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay and unpaid regular wage pay, to Plaintiff and members of the Class whose employment terminated. As a result, Defendant is liable to Plaintiffs and members of the Class for waiting time penalties, together with interest thereon under California Labor Code § 203.

### SEVENTH CAUSE OF ACTION

**(Violation of the Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* by Plaintiff individually and on behalf of the Class)**

1. Mr. Bell and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

2. The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code §§ 17200.

3. Delta's conduct as described above constitutes unlawful business practices for the reasons set forth below, without limitation:

   (a) Defendant has violated various sections of the California Labor Code, including but not limited to §§ 201 and 202 (requiring payment of all wages

11

due upon termination of employment), 204 (requiring timely bimonthly payment of wages and timely payment of wages), 226 and 1174 (requiring accurate wage statements), and 510 and 1194 (requiring payment of premium pay for all overtime hours worked);

    (b)    Defendant has violated various sections of Wage Order 9-2001; and

4. As a result of Defendant's unlawful conduct, Plaintiff and members of the Class suffered injury in fact and lost money and property, including, but not limited to loss of wages earned.

5. Pursuant to California Business and Professions Code § 17203, Plaintiff and members of the Class seek declaratory and injunctive relief for Defendant's unlawful, unfair, and fraudulent conduct and to recover restitution.

6. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and members of the Class are entitled to recover reasonable attorney's fees, costs, and expenses incurred in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Class against Defendant:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiff and Plaintiff's counsel to represent the Class;

2. Provision of class notice to members of the Class as defined above;

3. A declaratory judgment that Defendant knowingly and intentionally violated the following provisions of the law:

    a.    Cal. Lab. Code §§ 510, and 1194 by failing to pay overtime wages;

    b.    Cal. Lab. Code § 204 by failing to pay for all hours worked off-the-clock.

    c.    Cal. Lab. Code §§ 226.7, 510, 512, 1194 by failing to provide meal periods or compensation for working through meal periods by Plaintiff and Class members;

      d.    Cal. Lab. Code § 226 by failing to provide accurate wage statements;

      e.    Cal. Lab. Code §§ 226.7 and 512 by failing to provide rest periods to Plaintiff and Class members; and

      f.    Cal. Lab. Code § 204 by failing to comply with semimonthly payment of wages to Plaintiff and Class members.

4. That Defendant be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

5. An order requiring Defendant to pay restitution of all amounts owed to Plaintiff and members of the Class, in an amount according to proof, pursuant to California Business and Professions Code § 17203;

6. Compensatory damages according to proof;

7. Statutory damages and penalties as provided under the Labor Code;

8. Pre-judgment interest on all sums collected;

9. Reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure § 1021.5 and the California Labor Code, and/or other applicable law;

10. For costs of suit herein; and

11. For such other and further relief as the Court may deem appropriate.

Dated: March 18, 2013

                                DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

                                LAW OFFICES OF DEBORAH C. ENGLAND

                                By: _____
                                    Monique Olivier
                                    Attorney for Plaintiff and the Putative Class

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: March 18, 2013

                          DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

                          LAW OFFICES OF DEBORAH C. ENGLAND

                          By: _____
                                 Monique Olivier
                                 Attorney for Plaintiff and the Putative Class