**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1

2

3

4

5

6

7

8        UNITED STATES  DISTRICT COURT

9           Northern District of California

10             San Francisco Division

11   ANDREW BELL,                          No. C 13-01199 YGR (LB)

12                    Plaintiff,           **ORDER REGARDING THE PARTIES'**
                                           **JOINT DISCOVERY DISPUTE**
13        v.                               **LETTER BRIEF DATED FEBRUARY**
                                           **5, 2014**
     DELTA AIR LINES, INC.,
14
                     Defendant.            [Re: ECF No. 29]
15   _____/

16                           **INTRODUCTION**

17        In this putative class action, Plaintiff Andrew Bell has sued his former employer, Defendant

18   Delta Air Lines, Inc. ("Delta"), on behalf of himself and all others similarly situated, for wage and

19   hour claims under various California employment laws.  With briefing on Mr. Bell's class

20   certification motion coming up, the parties have filed a joint letter regarding a dispute over Delta's

21   responses to Mr. Bell's interrogatories and document requests.  The district court referred the

22   dispute to the undersigned for resolution.  Upon consideration of the parties' letter and the cited and

23   applicable authority, the court rules as follows.

24                           **STATEMENT**

25        Mr. Bell worked for Delta from March 2012 to August 2012 as a part-time Ready Reserve Cargo

26   Customer Agent at San Francisco International Airport ("SFO").  First Amended Complaint

27   ("FAC"), ECF No. 6 ¶ 19; *see also* 2/5/2014 Letter, ECF No. 29 at 3, 5-6.  The gist of his complaint

28   is that Delta has a policy or practice of (1) paying its Ready Reserve employees two weeks after the

UNITED STATES DISTRICT COURT
For the Northern District of California

1  work was done, (2) not allowing its Ready Reserve employees to take meal breaks (even though the

2  meal break time was deducted from their paychecks) or rest breaks, (3) making its Ready Reserve

3  employees work "off the clock," (4) not paying overtime to its Ready Reserve employees when the

4  overtime hours are accrued covering for another employee's shift, and (5) not providing its Ready

5  Reserve employees with accurate wage statements.  *See* FAC, ECF No. 6 ¶¶ 21-32.  Mr. Bell

6  therefore brings several wage-and-hour claims under California law.  *See id.* ¶¶ 33-78.

7       Mr. Bell seeks to represent a proposed class that he defines as:

8       All non-fleet employees in California who have been treated as "Ready Reserve"
        employees of Delta Air Lines, Inc. at any time during the period from [March 18,
9       2009] through the date of final judgment.

10  *Id.* ¶ 11 ("Proposed Class").  Mr. Bell has clarified that he means "non-fleet employees" to include

11  "all Ready Reserve employees who are not flight crew, including but not limited to Cargo, Customer

12  Service, Tower, and Ramp personnel."  2/5/2014 Letter, ECF No. 29 at 3.

13       Mr. Bell also alleges that he meets the requirements for class certification under Federal Rule of

14  Civil Procedure 23.  He alleges that while the "exact size" of the Proposed Class is ascertainable

15  from Delta's business records, it includes at least "hundreds of persons" and is "so numerous that

16  joinder of all members is impracticable."  FAC, ECF No. 6 ¶ 13.  He alleges that his claims are

17  typical of the Proposed Class members' claims because their claims arise from the same course of

18  conduct, they all are similarly affected by Delta's wrongful conduct, and the relief sought is

19  common.  *Id.* ¶ 14.  He alleges that he is an adequate class representative.  *Id.* ¶ 15.  He alleges that

20  common questions of law and fact exist and predominate over any questions affecting individual

21  members, as the questions are whether Delta properly paid the members for the hours worked,

22  whether Delta has a policy or practice of failing to pay for hours worked by deducting time from

23  compensation or of failing to provide accurate wage statements, meal breaks and rest periods, and

24  whether Delta's semimonthly payroll practices violate California law.  *Id.* ¶ 16.

25       Delta answered Mr. Bell's complaint, Answer, ECF No. 14, and the district court has set a

26  schedule for the briefing on Mr. Bell's upcoming class certification motion.  He must file his motion

27  by April 1, 2014, Delta must oppose it by May 6, 2014, and he must reply to Delta's opposition by

28  May 27, 2014.  8/26/2013 Minute Order, ECF No. 20.  The parties also have private mediation with

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Jeff Ross scheduled for March 17, 2014.  CMC Statement, ECF No. 35 at 10.

2       On February 5, 2014, the parties filed a joint letter describing a dispute regarding Delta's

3  responses to Mr. Bell's interrogatories and document requests.  2/5/2014 Letter, ECF No. 29.  On

4  February 12, 2014, the district court referred the dispute to the undersigned for resolution.  Order of

5  Reference, ECF No. 32 at 1.  According to the parties' summary of the discovery sought, Mr. Bell

6  seeks the following categories of information:

7       1.  Names, addresses, and number of Proposed Class members and documents
            bearing such data;
8
9       2.  Communications between [Delta] and class members regarding overtime, rest and
            meal breaks, shift scheduling, hours worked, and wage statements;

10      3.  Identity of the person(s) with final approval on shift swaps by putative class
            members;
11
12      4.  Identity of individuals who investigated complaints by class members about Delta
            pay practices and of those responsible for ensuring compliance with California
13          wage and hour laws;

14      5.  Payroll, shift assignment, work hour, clock-in/-out records, and wage statements
            for class members;
15
        6.  All policies, procedures, and guidelines applicable to putative class members; and
16
        7.  Internal and external (administrative and/or civil) complaints by putative class
17          members regarding unpaid wages, unpaid overtime, denial of rest or meal breaks,
            and/or inaccurate wage statements.

18  *Id.* at 3.  In the parties' letter, Delta objects to producing all of this.  Instead, it seeks to limit the

19  requested discovery to

20      •   Contact information of Ready Reserve Cargo agents who worked in the SFO
            Cargo Department from March 18, 2009 through the present and who do not
21          object to disclosure;

22      •   Claims made by Ready Reserve agents in the SFO Cargo Department;

23      •   Identities of individuals who investigated Mr. Bell's complaints;

24      •   Communications and internal and external complaints, that "pertain to individuals
            ultimately identified in its proposed Interrogatory No. 2."
25

26  *Id.* at 3, 5.

27       The court held a hearing on the matter on March 6, 2014.  3/6/2014 Minute Order, ECF No. 39.

28

**ANALYSIS**

**I. LEGAL STANDARD**

Pursuant to Rule 23, a member of a class may sue on behalf of all members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The Supreme Court has insisted that the court's class certification analysis must be "rigorous" and may "entail some overlap with the merits of the plaintiff's underlying claim, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ----, 131 S.Ct. 2541, 2551 (2011); however, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied," *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, --- U.S. ----, 133 S.Ct. 1184, 1195 (2013).

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). In its exercise of that discretion, the court may require the plaintiff <u>either</u> to make a prima facie showing that the Rule 23 class action requirements are satisfied, <u>or</u> to show "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). "[T]he need for discovery, the time required, and the probability of discovery providing necessary factual information" are also relevant factors "bearing on the correctness of the trial court's exercise of its discretion." *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist)). Indeed, to deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Kamm*, 509 F.2d at 210. This is why "[t]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a

UNITED STATES DISTRICT COURT
For the Northern District of California

1  class action [is] maintainable." *Doninger*, 564 F.2d at 1313.  "And, the necessary antecedent to the

2  presentation of evidence is, in most cases, enough discovery to obtain the material, especially when

3  the information is within the sole possession of the defendant." *Id.*

## II.  APPLICATION

5      Mr. Bell argues that he needs the discovery he seeks so that he can fully develop the evidentiary

6  record to substantiate his class allegations and support his class certification motion.

7  As an initial matter, on the record presented in the discovery letter, the court finds that Mr. Bell has

8  made a prima facie showing that the class action requirements of Rule 23 are met, and that, even if

9  he had not, most of the discovery he seeks would substantiate his class certification allegations.  As

10  described above, he alleges that (1) there are "hundreds of persons" within the Proposed Class, (2)

11  his claims are typical of the Proposed Class members' claims because their claims arise from the

12  same course of conduct, they all are similarly affected by Delta's wrongful conduct, and the relief

13  sought is common, (3) common questions of law and fact exist and predominate over any questions

14  affecting individual members, such as whether Delta properly paid the members for the hours

15  worked, has a policy or practice of failing to pay for hours worked by deducting time from

16  compensation or of failing to provide accurate wage statements, meal breaks and rest periods, and

17  uses a semimonthly payroll practices that violates California law, and (4) he is an adequate

18  representative.  Mr. Bell also noted that Melvin Garces, a Delta Cargo Operations Manager, testified

19  at his deposition that "[i]f a Ready Reserve voluntarily swapped hours with another Ready Reserve,

20  which caused them to go over eight hours in a day, that voluntary swap would not be paid overtime."

21  2/5/2014 Letter, ECF No. 29 at 3.  Although as Delta points out Mr. Bell's own experiences may

22  have varied depending upon who was managing him at a particular time, *see id.* at 5-6, Mr. Garces's

23  testimony is not limited to employees working in Delta's Cargo Department or to employees

24  working at SFO.  Instead, he mentions Ready Reserve Agents generally, and this could support Mr.

25  Bell's allegation that Delta's policies apply to all California-wide Proposed Class of Ready Reserve

26  Agents.  *Cf. Franco v. Bank of America*, No. 09cv1364-LAB (BLM), 2009 WL 8729265, at *4 (S.D.

27  Cal. Dec. 1, 2009) ("Plaintiff has not provided sufficient facts to support his claim of a company-

28  wide policy and practice by Defendant to withhold regular and overtime wages from its employees,

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  especially in light of Defendant's evidence of contrary company-wide policies.").

2  As for the specific discovery that Mr. Bell seeks, upon consideration of the authority cited and

3  the facts of this particular case, the court finds that Mr. Bell has shown that the information in

4  Category 1—the Proposed Class members' contact information—is necessary to his class

5  certification motion. As Mr. Bell points out, numerous courts in this District have made clear, the

6  disclosure of class members' contact information, such as their names, addresses, telephone

7  numbers, and email addresses, is a common practice in the pre-class certification context. *See*

8  *Stokes v. Interline Brands Inc.*, No. C-12-05527 JSW (DMR), 2013 WL 4081867, at *2-3 (N.D. Cal.

9  Aug. 9, 2013); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *2

10  (N.D. Cal. June 25, 2013); *Willner v. Manpower, Inc.*, No. C 11-2846 JSW (MEJ), 2012 WL

11  4902994, at *5-6 (N.D. Cal. Oct. 16, 2012); *Algee v. Nordstrom, Inc.*, No. C 11-301 CW (MEJ),

12  2012 WL 1575314, at *4-5 (N.D. Cal. May 3, 2012); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352

13  (N.D. Cal. 2011); *Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL

14  1526314, at *3-4 (N.D. Cal. Apr. 15, 2010); *Khalilpour v. Cellco P'ship*, No. C09-02712 CW

15  (MEJ), 2010 WL 1267749, at *2 (N.D. Cal. Apr. 1, 2010). Delta cites opinions in which courts have

16  limited contact information to individuals holding the same position at the same location as the

17  named plaintiff, but those opinions are distinguishable because the plaintiffs did not allege sufficient

18  facts to support a claim of a company-wide policy or that they were similarly situated to employees

19  performing different jobs, and in light of that the courts found plaintiffs' requested discovery for

20  tens of thousands of employees to be overbroad. *See Franco v. Bank of America*, No. 09cv1364-

21  LAB (BLM), 2009 WL 8729265, at *1-2 (S.D. Cal. Dec. 1, 2009); *Martinet v. Spherion Atl. Enters.*,

22  LLC, No. 07cv2178 W(AJB), 2008 WL 2557490, at *1-2 (S.D. Cal. June 23, 2008). Here, the court

23  found that Mr. Bell has made a prima facie showing that the class action requirements of Rule 23 are

24  met. and the Proposed Class likely is a more manageable size.

25  The court also finds that a standard protective order should be sufficient to protect the Proposed

26  Class members' privacy rights in their contact information. *See Benedict*, 2013 WL 3215186, at *2-

27  3. An opt-out procedures is not necessary in this context. *See id.* at *2 (collecting cases). That said,

28  Mr. Bell's counsel must inform each potential class member that he or she has a right not to talk to

counsel and that, if he or she elects not to talk to counsel, Mr. Bell's counsel will terminate the contact and not contact them again. *See id.* at *3; *see also Khalilpour*, 2010 WL 1267749, at *4. Mr. Bell's counsel also must inform them during the initial communication that Delta was compelling by court order to disclose their contact information and that the communication is highly confidential. *See Benedict*, 2013 WL 3215186, at *3; *see also Khalilpour*, 2010 WL 1267749, at *4. Finally, any communications must be fair and accurate, and must not be misleading, intimidating, or coercive. *See Benedict*, 2013 WL 3215186, at *3; *see also Khalilpour*, 2010 WL 1267749, at *4.

As for the other discovery Mr. Bell seeks in Categories 2 through 7, for the reasons stated on the record, the court rules as follows.

| Category # | Ruling |
|---|---|
| 5 | With the agreement of the parties, the court orders it produced for all Proposed Class members to the extent that it is maintained electronically.  As discussed, the information may be redacted to allow the employees to remain anonymous.  To the extent the information is not maintained electronically, Delta should disclose how it is maintained and confer with Mr. Bell's counsel about the form, utility, and burdens of production before class certification. |
| 6 | Delta said it produced this information already.  To the extent that there is any issue, the court orders it produced for all information applicable to the Proposed Class members. |
| 7 | Delta said that it did not track this information in any systemic way and would require inquiry on a case-by-case, complaint-by-complaint level to determine the information.  Even then, any internal complaints might have been resolved (or not) without documentation.  While the information does appear to be relevant, under these circumstances, the court finds that the evidence does not need to be produced now.  Delta should inquire about whether there is any tracking mechanism for any external complaints and provide that information to Plaintiff's counsel. |

UNITED STATES DISTRICT COURT
For the Northern District of California

| | |
|---|---|
| 2 | Delta suggested that this information might be in emails or in log books found in the roughly six or seven Delta facilities implicated in this litigation.  While the information might be relevant, it does not appear to be particularly consequential to the class certification decision.  Concerns about burden will affect how this information might be disclosed after class certification (if a class is certified). |
| 3 | The court orders the identify of the appropriate person for each Delta facility.  As the court said, at this pre-class certification stage, this does not mean disclosure on a "group supervisor" level but instead means disclosure of the equivalent of a "division" head for each facility and for the Proposed Class. |
| 4 | For the identities of individuals "who investigated complaints by class members about Delta pay practices," this information is subject to the same analysis as for Category 7.  For the identities of individuals "responsible for ensuring compliance with California wage and hour laws," the court orders disclosure at the same level mentioned for Category 3. |

The discovery ordered is for the putative class of Ready Reserve employees during the class period (and for policies, those in close enough proximity to be relevant).

Delta estimated that it could produce the information in approximately 10 days.  Under ordinary circumstances, that would be reasonable, but as the court stated on the record, Delta should try to do it within a week (or by March 13, 2014) given the upcoming mediation.  The information is relevant not only to the class certification decision (particularly given, on one hand, Mr. Bell's argument that the wage and hour claims are driven by policy and, on the other hand, Delta's argument that decisions are more local), but also is important for settlement.  If Plaintiff has no insight into the class size and potential damages, then settlement discussions will not be productive.

**CONCLUSION**

This disposes of ECF No. 29.

**IT IS SO ORDERED.**

Dated: March 7, 2014

_____

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California