**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW BELL, on behalf of himself and all others similarly situated, | Case No. 13-CV-01199-YGR |
| Plaintiffs, | CLASS ACTION |
| vs. | **[REVISED PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE, AND CLASS CERTIFICATION** |
| DELTA AIR LINES, INC.; and DOES 1 to 10, inclusive, | |
| Defendants. | |

Plaintiff's Motion for Preliminary Approval of a Class Action Settlement, Approval of Class Notice, and Conditional Certification of Settlement Class came before this Court and was heard on July 11, 2014 (the "Motion"). (Dkt. 50.) The Court considered the proposed class action Stipulation of Settlement ("Settlement Agreement," attached as Exhibit 1 to the Declaration of Monique Olivier (Dkt. 50-3), the submissions of counsel, and all other papers filed in this action.

The matter having been submitted, and good cause appearing therefore, this Court **HEREBY ORDERS THE FOLLOWING:**

1. The Court GRANTS preliminary approval of the class Settlement Agreement. The Court finds that the Settlement is fair, adequate, and reasonable to the Class.

2. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for purposes of, and solely in connection with the Settlement, the Court finds that each of the requirements for certification of the class set forth in Plaintiff's Motion for Preliminary Approval are met and hereby certifies the following class, subject to this Court's final approval:

> **All Ready Reserve Employees who were employed by Defendant, in California, beginning March 18, 2009 through March 17, 2014.**

3. The Court, for settlement purposes only, finds that this action satisfies the requirements for class action approval under Federal Rules of Civil Procedure 23(a) and 23(b)(3). In support of this ruling, the Court conditionally and preliminarily finds that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the named Plaintiff's claims are typical of the claims of the Class; (d) the named Plaintiff and Plaintiff's Counsel have and are able to adequately represent the Class; and (e) class-wide treatment of this dispute is superior to other available methods for adjudicating the controversy.

4. If the Settlement Agreement is terminated or not consummated, the certification shall be void. The parties shall retain their respective rights to bring and oppose a motion for class certification.

5. The Court appoints and designates the named Plaintiff Andrew Bell as Class

Representative.

6. The Court appoints and designates Duckworth Peters Lebowitz Olivier LLP and the Law Offices of Deborah C. England as Class Counsel who are located at the following addresses:

> Monique Olivier, Esq.
> Duckworth Peters Lebowitz Olivier LLP
> 100 Bush Street, Suite 1800
> San Francisco, CA 94104
> (415) 433-0333
>
> Deborah C. England, Esq.
> Law Offices of Deborah C. England
> 351 California Street, Suite 700
> San Francisco, CA 94104
> (415) 434-9800

7. The Court approves, as to form and content, the revised proposed Notice of Class Action Settlement, attached hereto as Exhibit A, including the procedure for Class Members to object to or opt out of the Settlement, as set forth in paragraphs 12 and 15, below, and accordingly directs that notice be given in the form and manner consistent therewith and as set forth in paragraph 11, below. The Court finds that the proposed notice is the best means practicable of providing notice under the circumstances and when completed shall constitute due and sufficient notice of the Action, the proposed Settlement, and the Final Approval Hearing to all persons affected by and/or authorized to participate in the Settlement in full compliance with Federal Rules of Civil Procedure 23(c) and (e) and the requirements of due process.

8. The Court appoints and designates Dahl Administration as the Settlement Administrator. The Court hereby directs the Settlement Administrator to provide the approved Class Notice in accordance with the schedule and procedures set forth below. The Settlement Administration costs shall be paid out of the Gross Settlement Amount and shall not exceed $20,000.

9. The Court orders the following schedule for further proceedings:

10. No later than seven (7) days after the Court issues this Order, Delta shall provide to the Settlement Administrator an electronic Database with each Class Member's name, last

known address, social security number, and status as a current or former employee. Upon receipt of the Database, the Settlement Administrator shall check with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Class Members.

11. The Settlement Administrator will mail via first class mail the Notice of Settlement directly to the last known address of each Class Member within fourteen (14) days of receiving the data from Defendant. The Settlement Administrator will also establish a settlement website which will include the Settlement Agreement and a summary of the settlement terms within fourteen (14) days of receiving the data from Defendant.

12. Class Members, except for Plaintiff, will have forty-five (45) days from the date of mailing the Notice of Settlement within which to opt-out of the Settlement. Class Members who wish to exercise this option must timely submit an Opt-Out Request to the Settlement Administrator. The Opt-Out Request must be postmarked on or before forty-five (45) days from the date of mailing the Notice. Class Members who do not timely submit an executed Opt-Out Request shall be part of the Settlement Class and bound by the Settlement. Class Members who timely submit an executed Opt-Out Request shall have no further role in the Action, and for all purposes they shall be regarded as if they never were a party to this Action or a Class Member, and thus they shall not be entitled to any payment as a result of this Settlement and shall not be entitled to or permitted to assert an objection to the Settlement.

13. Beginning two weeks after the date the Notices of Settlement are mailed, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a biweekly status report which will be cumulative, reflecting the names and the number of Class Members who have filed Opt-Out Requests.

14. At least seven (7) days prior to the deadline for filing the motion for final approval of the Settlement, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a declaration of due diligence and proof of mailing with regard to the mailing of the Notice and the number of completed Opt-Out Requests.

15. Class Members will have forty-five (45) days from the date of mailing the Notice

of Settlement within which to file an objection to the Settlement.  Only Class Members who have not filed an Opt-Out Request may object to the Settlement.  To object, a Class Member must send a written objection to the Court.

16. Class Counsel shall file the motion for attorneys' fees and expenses on September 1, 2014.

17. Class Counsel shall file Plaintiff's Motion for Final Approval of Class Settlement and Enhancement Award no later than September 29, 2014. The proposed Final Approval Order and Judgment shall be lodged with the Court no later than seven (7) days before the Final Approval Hearing.

18. A Final Approval Hearing shall be held before this Court on October 14, 2014 at 2:00 p.m., in Courtroom 1.

**IT IS SO ORDERED.**

Date: July 22, 2014

The Honorable Yvonne Gonzalez Rogers
United States District Court

# Exhibit A

## NOTICE OF CLASS ACTION SETTLEMENT
*Bell v. Delta Air Lines, Inc.*
Case No. 13-CV-01199-YGR

**IF YOU WERE A READY RESERVE EMPLOYEE OF DELTA AIR LINES, INC. IN CALIFORNIA AT ANY TIME BETWEEN MARCH 18, 2009 AND MARCH 17, 2014, THIS CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*Why should you read this Notice?*

A proposed settlement (the "Settlement") has been reached in a class action lawsuit *Bell v. Delta Air Lines, Inc.*, U.S. District Court, N.D. Cal., Case No. 13-CV-01199-YGR (the "Action"). The purpose of this Notice of Settlement ("Notice") is to describe the case, and to inform you of your rights and options in connection with the Action and the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning the fairness of the Settlement will be held before the Hon. Yvonne Gonzalez Rogers on October 14, 2014 at 2:00 p.m. at the following address: United States Courthouse, Courtroom 1, Fourth Floor, 1301 Clay Street, Oakland, CA 94612, to determine whether the case should be settled.

**AS A CLASS MEMBER, YOU ARE ELIGIBLE TO RECEIVE A PAYMENT UNDER THE SETTLEMENT AND WILL BE BOUND BY THE RELEASE OF CLAIMS DESCRIBED IN THIS NOTICE, UNLESS YOU REQUEST TO BE EXCLUDED FROM THE SETTLEMENT.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do nothing, you will be considered part of the settlement class and will receive settlement benefits as explained more fully below. You will also give up rights to pursue separate legal action against Delta Air Lines, Inc. ("Defendant"), as explained more fully below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | To get no settlement benefits and have the option to pursue separate legal action against Delta about the claims in this lawsuit, you must exclude yourself in writing from the settlement. |
| **OBJECT** | To object to the settlement, you must write to the Court about why you don't like the Settlement. |

*Who is affected by this proposed Settlement?*

The Court has certified, for settlement purposes, the following class (the "Class"):

> All current and former employees of Defendant who were Ready Reserve Employees in California beginning March 18, 2009 through March 17, 2014.

According to Defendant's records, you are a member of the Class ("Class Member").

*What is this case about?*

In the Action, Plaintiff alleges on behalf of himself and the Class the following claims against Defendant: (1) failure to pay overtime wages; (2) failure to pay wages for all hours worked; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to provide accurate itemized wage statements; (6) waiting time penalties; (7) unfair competition; and (8) civil penalties. The Action asserts claims for unpaid wages, statutory penalties, civil penalties under the California Labor Code Private Attorneys General Act ("PAGA"), restitution, interest, attorneys' fees, and costs.

Defendant denies all liability and is confident that it has strong legal and factual defenses to these claims, but it recognizes the risks, distractions, and costs associated with litigation. Defendant contends that its conduct is lawful and that Plaintiff's claims do not meet the requirements for class certification.

This Settlement is a compromise reached after good faith, arm's length negotiations between Plaintiff and Defendant, through their attorneys and is not an admission of liability on the part of Defendant.  Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

The Court has not ruled on the merits of Plaintiff's claims or Defendant's defenses.

### *Who are the attorneys representing the Parties?*

**The attorneys for the Class Representative in the Action ("Class Counsel") are**:

| | |
|---|---|
| Monique Olivier | Deborah C. England |
| Duckworth Peters Lebowitz Olivier LLP | Law Offices of Deborah C. England |
| 100 Bush Street, Suite 1800 | 351 California Street, Suite 700 |
| San Francisco, CA 94104 | San Francisco, CA 94104 |
| Telephone:  (415) 433-0333 | Telephone:  (415) 434-9800 |
| Facsimile:   (415) 449-6556 | Facsimile:   (415) 434-0513 |
| monique@dplolaw.com | dcengland@earthlink.net |

**The attorneys for Defendant are**:

Robert Jon Hendricks
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1204
Facsimile: (415) 442-1001
rhendricks@morganlewis.com

### *What are the Settlement terms?*

Subject to final Court approval, Defendant will pay $1,415,444 (the "Gross Settlement Amount") for: (a) settlement payments to Class Members; (b) the Court-approved service payment to the Class Representative; (c) the Court-approved Class Counsel's fees and costs; (d) the costs of administering the Settlement; and (e) payments to the Labor Workforce Development Agency for PAGA penalties.

**Class Members' Claims.**   After deduction from the Gross Settlement Amount for attorneys' fees and costs, the service payment to the Class Representative, the payment to the California Labor Workforce Development Agency, and the costs of administering the Settlement, there will be a Net Settlement Amount.  From this Net Settlement Amount, Defendant will make a payment ("Settlement Payment") to each Class Member who does not opt out of the Settlement Class as follows:

- **First, each Class Member who worked more than 8 hours in a day but less than 40 hours in a week as a result of a shift swap during the Class Period shall receive a payment for overtime (1.5x your hourly rate for all hours worked over 8 hours in a day)** based upon the hours reflected in Defendant's records.  This amount may have already been paid by Defendant by the time you receive this Notice.

- **Second, each Class Member no longer employed by Defendant as of March 17, 2014**, who worked more than 8 hours in a day but less than 40 hours in a week as a result of a shift swap during the Class Period, shall receive $618 as a waiting time penalty.

- **Third, of the Net Settlement Amount remaining, Class Member distributions shall be divided among all Class Members on a pro rata basis,** based on the ratio of the number of weeks worked by each Class Member, to the total number of weeks worked by all Class Members.

Any payments that are not cashed will be divided, pro rata, among all Class Members who previously cashed their payments (unless the Parties agree that the amount is too small to redistribute, in which case it shall be donated to an organization designated by Plaintiff, with the approval of Defendant which shall not be unreasonably withheld).

For tax reporting purposes, the overtime payments will be treated as wages; the waiting time penalties shall be treated to the fullest extent allowed by law as penalties for withholding purposes; and the remaining, pro rata payments to Class Members will be allocated fifty percent (50%) wages and fifty percent (50%) interest and penalties.

None of the Parties or attorneys makes any representations concerning the tax consequences of this Settlement or your participation in it.   Class Members should consult with their own tax advisors concerning the tax

DB2/ 25070913.1         QUESTIONS? CALL _____ OR VISIT WWW._____.COM

consequences of the Settlement.  Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

**Class Counsel Attorneys' Fees and Costs, Class Representative Service Payment, and Administrative Costs.** Class Counsel will ask the Court to award attorneys' fees up to $353,861 (25% of the Total Settlement Amount) and reasonable costs.  In addition, Class Counsel will ask the Court to authorize service payment of up to $7,500 for the Class Representative for his efforts in prosecuting the case on behalf of the Class.  The Parties estimate the cost of administrating the Settlement will not exceed $20,000. A payment in the amount of $7,500 will also be made to the State of California Labor & Workforce Development Agency for PAGA penalties.

*What claims are being released by the proposed Settlement?*

Upon date the Settlement is final, Plaintiff and each member of the Settlement Class shall be deemed to have fully, finally, and forever released the Releasees from all Released Claims through the date of Final Approval by the Court.  "Settlement Class" shall mean all Class Members who do not timely send a signed valid Opt-Out Request that is received by the Claims Administrator.  "Releasees" shall mean Defendant and each of its past, present and/or future, direct and/or indirect, officers, directors, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, members, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, and/or assigns, in their personal, individual, official, and/or corporate capacities. "Released Claims," as to each member of the Settlement Class, shall mean any and all claims against Releasees that were or could have been pled based on the factual allegations of the First Amended Complaint, including, but not limited to, claims based on meal breaks, rest breaks, hours worked, overtime, pay stubs, final pay, unfair competition, and statutory and civil penalties, that accrued or accrue through the date of Final Approval by the Court, whether based on California's Wage Orders, and/or claims under the California Labor Code, including, but not limited to, Sections 201, 202, 203, 204, , 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7,, 510, 512, 558, 1194, 1194.2, 1198, and 2698 et seq. (PAGA),punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief, and violations of California Business & Professions Code § 17200 et seq.,

With respect to the Released Claims only, each Class Member who does not request exclusion from the Settlement also expressly, knowingly, and intentionally waives and relinquishes, to the fullest extent permitted by law, the provisions, rights, and benefits he or she may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor [i.e., a Class Member] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [i.e., Releasees].*

*What are my options in this matter?*

You have **two** options under this Settlement, each of which is discussed below.  You may: (A) remain in the Class and receive a settlement payment; or (B) exclude yourself from the Class and from the Settlement.  If you choose option (A), you may also object to the Settlement, as explained below.

If you remain in the Class, you will be represented at no cost by Class Counsel.  Class Counsel, however, will not represent you for purposes of making objections to the Settlement.  If you do not exclude yourself from the Settlement, you will be subject to any Judgment that will be entered in this Action, including the release of the Released Claims as described above.

**OPTION A.  Remain in the Class**.  If you wish to remain in the Class and be eligible to receive a payment under the Settlement, you do not need to take any action.  By remaining in the Class and receiving settlement monies, you consent to the release of the Released Claims as described above.

Any amount paid to Class Members will not count or be counted for determination of eligibility for, or calculation of, any employee benefits (for example, vacations, holiday pay, retirement plans, non-qualified deferred compensation plans, etc.), or otherwise modify any eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Releasees, unless otherwise required by law.

**OPTION B.  If You Do Not Want To Be Bound By The Settlement**.  If you do not want to be part of the Settlement, you must submit a signed written request to be excluded from the Settlement ("Opt-Out Request") to the Claims Administrator.  In order to be valid, your Opt-Out Request must be postmarked on or before *[insert 45-day exclusion deadline]*.  If you do not timely submit an Opt-Out Request, (as evidenced by the postmark) your Opt-Out Request will be rejected, you will be deemed a member of the Settlement Class, and you will be bound by the release of Released Claims as described above and all other Settlement terms.  If you timely submit an executed Opt-Out Request, you will have no further role in the Action, and for all purposes, you will be regarded as if you

never were either a party to this Action or a Class Member, and thus you will not be entitled to any benefit as a result of this Action and will not be entitled to or permitted to assert an objection to the Settlement.

**Objecting to the Settlement:** If you believe the proposed Settlement is unfair or inadequate in any way, you may object to it. To object, you must send a letter to the Court stating that you object to the proposed settlement in *Bell v. Delta Air Lines, Inc.*, U.S. Dist. Court, N.D. Cal., Case No. 13-CV-01199-YGR. Be sure to include your name, address, phone number, signature and the reasons you object. You can also hire an attorney at your own expense to represent you in your objection. If you intend to speak at the Final Approval Hearing, your letter must state "I intend to appear at the hearing." **You cannot object to the Settlement if you request exclusion from the Settlement**.

Mail the objection to the Court at the address below no later than _____, 2014:

Clerk of the Court
U.S. District Court
1301 Clay Street
San Francisco, CA 94612

OBJECTIONS POSTMARKED AFTER _____, 2014, WILL NOT BE CONSIDERED.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections. <u>Even if you file an objection, you will be bound by the terms of the Settlement, including applicable releases as set forth above, unless the Settlement is not finally approved by the Court</u>. The Court can only approve or deny the settlement; it cannot change the terms of the settlement.

*What is the next step in the approval of the Settlement?*

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the settlement administration costs, and the service payment to the Class Representative on October 14, 2014 at 2:00 p.m. in Courtroom 1, 4th Floor of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612. The Final Approval Hearing may be continued without further notice to Class Members. You are not required to attend the Final Approval Hearing to receive a share of the Settlement.

*How can I get additional information?*

This Notice summarizes the Action and the basic terms of the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement, this notice, and the briefs and supporting papers relating to this settlement online at www._____.com or by calling _____. You may also review the Court's files between 9:00 a.m. and 4:00 p.m., Monday through Friday (excluding Court holidays), located at the Court's Clerk's Office, 1301 Clay Street, Oakland, CA 94612, and online by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. You can also request a copy of the Settlement Agreement from Class Counsel, at the address and telephone number listed above.

**IMPORTANT DATES**

      Last Day to Submit Request Opt-Out Request: [DATE]
      Last Day to File and Serve Objections: [DATE]
      Final Approval Hearing: October 14, 2014, at 2:00 p.m. This date may change without further notice. You may check the settlement website or the Court's PACER site to confirm that this date has not been changed.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE ATTORNEYS FOR THE DEFENDANT ABOUT THIS NOTICE**

**BY ORDER OF THE U.S. DISTRICT COURT**